**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AINSWORTH ENGINEERED (USA), LLC,** ) | **CASE NO. 1:07CV909** |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **FOREST PRODUCTS TECHNOLOGIES, INC., et al.,** ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #124) of Defendant, U.S. Inspection Services, Inc. ("USIS"), for Judgment on the Pleadings. For the reasons that follow, the motion is denied.

**I. BACKGROUND**

Ainsworth entered into an agreement with Defendant, Forest Products Technologies, Inc., to purchase eight steel main cylinders, four jack cylinders, four jack rams, and one spare main ram, critical to its oriented strand board press system in Minnesota. Forest subcontracted with two Ohio firms, Advance Manufacturing Corporation and Barberton Steel Industries, Inc., to cast, fabricate, inspect, machine and finish these cast-steel components. Advance, in turn,

contracted with Defendant, USIS, to perform non-destructive ultrasonic testing on the cast-steel components. Shortly before Ainsworth's initial plant start-up in May of 2006, an oil leak from a crack in a newly-installed cylinder was discovered. After the crack was repaired, the Ainsworth press had to be shut down again when two of the hydraulic system pumps were destroyed due to sand in the hydraulic system. Ainsworth alleges the sand came from defective cast-steel components, and that the cast-steel components were metallurgically defective; contained sand pockets; were unsound; and failed to meet specified industry standards as to permissible internal defects. Ainsworth further alleges the cast-steel components had to be replaced at considerable expense. Ainsworth contends USIS misrepresented the cast-steel parts were inspected and met applicable standards and specifications. Ainsworth filed its Amended Complaint on July 26, 2007, adding claims against USIS for breach of contract as an intended third-party beneficiary, professional negligence, negligence, and unjust enrichment. On December 10, 2007, USIS moved for judgment on the pleadings, asserting it had no contractual relationship with Ainsworth; it owed Ainsworth no duty; the economic loss doctrine bars Ainsworth's negligence claims; and USIS never received compensation from Ainsworth.

## II. LAW AND ANALYSIS

**Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must

test the sufficiency of the complaint and determine whether, "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*.  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).  A rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

As an initial matter, the Court notes fact discovery has not been concluded in this complex commercial litigation.  In light of that, and upon review of all the pleadings, including claims, defenses and cross-claims, it is evident USIS is not entitled to judgment in its favor as a matter of law.  The Court finds it is unable to resolve the intended third-party beneficiary issue on the pleadings alone.  The Court is unable, in addition, to determine which claims may be barred by the economic loss doctrine at this juncture.  As the pleadings stand, it is not possible to decide whether USIS owed Ainsworth any duty as a matter of law.  Further, there remains a material issue as to which of the multiple parties' conduct constituted the proximate cause of Ainsworth's alleged injuries.  Without full development of the interrelationships among Forest Products, Advance, Barberton and USIS in the arrangement to fabricate and finish the subject cast-steel components, it is not appropriate for this Court to assess the viability of Ainsworth's alternative unjust enrichment claim.

## III. CONCLUSION

For all the foregoing reasons, the Motion of Defendant USIS for Judgment on the Pleadings is denied.

**IT IS SO ORDERED.**

**DATE: May 23, 2008**

      **S/Christopher A. Boyko**
      **CHRISTOPHER A. BOYKO**
      **United States District Judge**